UNITED STATES of America

v.

PALLADINO et al.

Cr. Nos. 59–106–M, 59–107–M.

United States District Court
D. Massachusetts.

March 13, 1962.

William J. Koen, Asst. U. S. Atty., for plaintiff.

William P. Homans, Jr., Michael A. Malloy, Melvin Norris, Frederick Langone, Boston, for defendant.

WYZANSKI, District Judge.

### CHARGE TO THE JURY

#### A. *Introduction*

1. You have before you two indictments. (1) 59–106–M charges a *conspiracy* in violation of 18 U.S.C. § 371. (2) 59–107–M charges 72 *substantive* offenses in violation of 18 U.S.C. § 1341. Of these 72 the Government moved to dismiss as against the 5 defendants now at bar, those referred to in Counts 1, 24, and 27. And this Court has directed acquittal of the 5 defendants on those 3 counts, and left for your verdicts the other 69 counts.

2. An indictment is a mere charge of crime by a grand jury. It is not evidence. An indictment is only the equivalent of an unproved complaint; nothing more.

3. Throughout the trial each defendant has the benefit of the presumption of innocence. You are to regard him as innocent unless you are persuaded beyond a reasonable doubt that he personally is guilty of the offense with which he is charged. In a criminal case the Government has the burden of proving beyond a reasonable doubt *each essential element* of a crime against each defendant. Proof beyond a reasonable doubt means proof to a moral certainty.

You must be persuaded as you would want to be persuaded about the most important decisions in your own life. If conduct is equally susceptible of an innocent or of a guilty interpretation, you are instructed to regard it as innocent and not to draw from it an inference unfavorable to a defendant.

4. Each count in each indictment is to be treated separately. That is because each count charges a separate crime.

5. Furthermore, with respect to each count, each defendant is to be considered individually. When you report your verdict, you will be asked count by count, individual by individual, is the particular individual with respect to that particular count "guilty or not guilty."

### B. *The Conspiracy Indictment, 59-106-M*

6. An Act of Congress, 18 U.S.C. § 371, defines a criminal conspiracy as follows:

"If two or more persons conspire * * * to commit any offense against the United States * * * and one or more of such persons do any act to effect the object of the conspiracy, each shall be" punished.

7. The first indictment before you, 59–106–M, is under the foregoing section. You are instructed to read the full text of the indictment. For brevity, I shall refer to its essence.

8. The indictment in 59–106–M charges defendants with conspiring to commit an offense against the United States by violating another federal law, the mail fraud statute, 18 U.S.C. § 1341. It says that defendants conspired to execute a scheme to use the mails to defraud a number of sellers of merchandise to A & L Sales Corporation. The alleged scheme was that the defendants would induce each of several sellers to sell his merchandise to A & L in the expectation that the seller would be paid, when the defendants intended that he should not be paid; and that the defendants would use the mails to execute their schemes.

9. With an abundance of words, the indictment recites complicated details as to how the defendants conspired to (1) manage, operate, and control A & L, (2) to cause false statements of the corporate assets to be sent to Dun & Bradstreet and Lyon Furniture Mercantile Agency, (3) to inform sellers of merchandise of Dun & Bradstreet and Lyon's credit information, (4) to receive merchandise from sellers, (5) to resell the merchandise, and (6) not to pay the sellers. This profuse detail may or may not help you recall the testimony, but the Government is not required to prove all of it.

■ 10. What the Government *must* prove beyond a reasonable doubt against *a particular defendant* named in indictment 59–106–M before you may find *him* guilty are each of these four elements:

(1) he and at least one other person jointly *conspired* to do acts which, if those acts were completed, would violate the federal mail fraud statute;

(2) he *himself knew* that the *purpose of the conspiracy* which he joined was to defraud sellers of merchandise to A & L;

(3) he *himself intended* that to carry out the foregoing purpose, someone acting for the conspirators would *use the mails*; and

(4) he or someone acting for the conspiracy actually did at least *one* of the 15 *overt acts* enumerated on pages 6 through 8 of the indictment.

It is appropriate to say something of each of the foregoing four elements.

■ 11. To show the first element, the Government must prove that the particular defendant *conspired*. One person cannot by himself conspire. It takes at least 2 persons to conspire. To conspire is to agree to share an unlawful purpose. Two people may share an unlawful purpose without entering a formal or a written agreement. It is sufficient if their agreement is shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law. In this particular case the Government has alleged a conspiracy of a particular kind, a conspiracy to violate the federal mail fraud statute. Therefore, the Gov-

ernment must prove that the particular defendant and at least one other person shared a purpose to do acts which would, if completed, violate the federal mail fraud statute. This does *not* mean that they must know the text or legal meaning of the mail fraud statute. It is enough if they have the joint purpose to do acts which are forbidden by the mail fraud statute, even though they themselves never heard of that statute.

12. To show the second element, the Government must prove that the particular defendant had *knowledge* (not a mere suspicion) that the *purpose of the conspiracy* was to defraud sellers of merchandise to A & L. If a defendant knows that the purpose of a conspiracy is to induce a seller to supply on credit merchandise to A & L, which, *at the time A & L ordered the merchandise*, A & L did not intend to pay for, then that defendant had the guilty knowledge. The fact that A & L did *not* pay for merchandise is relevant but not by itself determinative; because it might happen that a buyer in good faith, and with the expectation of payment, ordered merchandise for which, contrary to his expectation, he could not, because of unforeseen circumstances, pay. To determine whether a defendant had a purpose that A & L should not pay for the merchandise it is relevant to consider what he knew about the cash and other assets of A & L, what he knew about the volume of goods being ordered from all sellers, what he knew about how A & L disposed of goods which the company had previously ordered, and what he knew about A & L's capacity to pay and about A & L's practice of making payment. From all the surrounding circumstances, the Government must prove that a particular defendant knew that there was a scheme that sellers who shipped on credit would not be paid as promised.

13. To show the third element, the Government must prove that the particular defendant had an *intent* that the conspirators or someone acting for them would *use the mail* to carry out the scheme. The Government does not have to show that the particular defendant foresaw some particular use of the mail. It is enough if the Government proves that the particular defendant had the intent that someone acting for the conspiracy would use the mails to send a letter to a prospective seller or to a credit agency which would prepare data for use by a prospective seller.

14. To show the fourth element, the Government must prove that he or someone acting for the conspirators, not necessarily himself a defendant, performed at least *one*, not necessarily more than one, of the *overt acts* mentioned on pages 6 through 8 of the indictment. The Government need *not* prove all the overt acts. The Government need *not* prove that the conspiracy was successful. The Government need *not* prove that any seller or other person was in fact defrauded. It is sufficient if the Government proves that (there being a conspiracy, and the particular defendant knowing its purpose, and intending that the conspiracy should include a use of the mails), someone acting for the conspiracy took a material step, an overt act, toward accomplishing the purposes of the conspiracy.

■ 15. From what has been said it follows that the Government's task in connection with indictment 59–106–M is to prove that persons with knowledge of an intent to defraud and of an intent to use the mails took a decisive step in the direction of fulfilling an unlawful scheme. If the Government does so prove, then the Government is entitled to prevail whether or not the Government can also prove that on the second indictment, 59–107–M, the defendants actually completed their unlawful scheme. Persons may be guilty of conspiracy even if their conspiracy is thwarted. Also persons may be guilty of conspiracy even if their conspiracy succeeds and they complete certain "substantive" crimes.

C. *The Substantive Indictment, 59–107–M*

16. An Act of Congress, 18 U.S.C. § 1341, defines the substantive crime of use of the mails to defraud as follows:

"Whoever, having devised or intending to devise any scheme * * * to defraud, or for obtaining * * * property by means of false or fraudulent pretenses, representations, or promises * * * for the purpose of executing such scheme * * * or attempting so to do, places in any * * * authorized depositary for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be" punished.

17. The second indictment before you, 59–107–M is under the foregoing section. You are instructed to read the full text of the indictment. For brevity, I shall refer to its essence.

18. This indictment had 72 counts, that is, charges of 72 separate crimes, when this case began. The 5 defendants before you have been acquitted on counts 1, 24, and 27. That acquittal has no bearing on the 69 counts which remain for your verdicts.

19. Each of the remaining 69 counts charges that each of the defendants, directly, or indirectly through persons whom they authorized, used the mails for the purpose of executing a specified fraud on a specified occasion against a specified person.

20. This indictment is *like'* the other indictment in 59–106–M in that the Government does *not* have to prove that a fraudulent scheme succeeded. But, *unlike* the other indictment, here (not in 59–106–M) the Government does *not* have to prove a *conspiracy*. However, here the Government does have to establish in connection with each particular count the particular mailing referred to in that count.

21. Here, before you can find a particular defendant guilty on any particular count, the Government with respect to that defendant and with respect to that count must prove beyond a reasonable doubt each of these four elements:

(1) he or one of the other defendants *devised* a scheme to defraud, or for obtaining property by means of false pretenses, representations, or promises,

(2) the particular defendant *himself* not only *knew* that the purpose was to *defraud,* but actively *shared* that purpose,

(3) he or one of the other defendants or a person acting with their authority *used the mail* in furtherance of the scheme and in the *manner described in the particular count,*

(4) he *himself intended* that, to carry out the foregoing scheme, the mail would be used.

It is appropriate to say something of each of the foregoing 4 elements.

22. To show the first element, the Government must prove *a scheme to defraud.* The Government must show that one of the defendants devised the scheme.

23. To show the second element, the Government must prove that the particular defendant both *knew* of the purpose to defraud and actively *shared* that purpose. If a particular defendant does not know of and share a scheme to defraud he is innocent and must be acquitted. If the Government shows no more than that a particular defendant was dimly aware of another's scheme, the Government fails to prove an essential element. The Government must prove that a particular defendant knew of the scheme and indicated his purpose to share that scheme. The Government need *not* show that the particular defendant's activity was in itself a wrongful act. Take, for example, a person who holds an office in a corporation being used as an instrument of fraud, or who directs its activities, or plays a central role in its functions, or is an employee who makes entries of fraudulent actions of others, or who writes letters fraudulently planned by others. If he knows that his own

**40**

activities play a substantial role in another's wrongful scheme, he may be found to have shared the purposes of the person who devised the scheme. Actively sharing a common criminal purpose makes a man an aider, abettor, and accomplice who shares his principal's guilt. The Government need *not* prove that an aider, abettor, or accomplice was paid for his aid, or reaped any benefit from it. This particular instruction tells you in effect that you may find "a person is an accomplice of another person in commission of a crime if * * * acting with knowledge that such other person was committing or had the purpose of committing the crime, he knowingly, substantially facilitated its commission." [See A.L.I. Model Penal Code, T.D. No. 1, § 2.04(3)(b) May 1, 1953, withdrawn at the May 1953 meeting. See p. 46 Council Draft No. 31, Model Penal Code, Feb. 22, 1962. EXCEPTIONS OF ALL DEFENDANTS PRESERVED TO THIS WHOLE PARAGRAPH.]

24. To show the third element, the Government must prove that one of the defendants or someone to whom a defendant gave authority to use the mails for a fraudulent purpose, *used the mails* in furtherance of that fraudulent purpose and in the manner described in the particular count. The Government need *not* prove that a particular defendant foresaw a particular mailing. It is enough if the Government proves that (a) the mail was used in furtherance of the scheme and (b) the mail was used in the manner described in the count.

25. To show the fourth element, the Government must prove that the particular defendant intended that, to carry out the fraudulent scheme, someone would use the mail. The Government need *not* prove that the particular defendant intended the particular mailing referred to in the particular count. [WITH RESPECT TO THIS AND THE PRECEDING INSTRUCTION, EXCEPTIONS OF ALL DEFENDANTS PRESERVED. See A.L.I. Model Penal Code, T.D. No. 1, May 1, 1953, pp. 20–22.]

### D. *Additional Instructions*

26. Up to now this charge, after some introductory instructions, covered the elements essential in connection with the two indictments. Other matters require instruction.

27. In the case at bar Siciliano has pleaded guilty to both indictments. His plea binds only him. His plea is not proof of the guilt of any other defendant.

28. Siciliano has testified in this case against the other defendants. He says he was an accomplice of theirs. If a person says he is an accomplice, his testimony is to be scrutinized with special care. It should not be believed unless you find in other oral or written testimony evidence corroborating, that is, tending to confirm in essential matters, the testimony given by the alleged accomplice.

29. In this case three of the defendants, Palladino, Lamattina, and Vera Miller have not taken the stand. It is the constitutional right of a defendant not to take the stand. You are not to draw any inference against him or anyone else because he exercises that right. He has the benefit of the presumption of innocence, and it is the Government that has the burden of proving his guilt beyond a reasonable doubt.

30. In determining the individual guilt of each defendant you are to consider only such evidence as applies to him. But this principle does *not* mean that you are limited to considering what he himself said and what he himself did. If he expressly or impliedly, by word or deed, authorized someone else to act or speak for him, then he is bound by what he authorized that other person or persons to do or say. If a person knowingly joins a conspiracy and the conspiracy is being carried on, what his fellow conspirators say and do to carry out the conspiracy binds him.

31. If a person knowingly joins an existing conspiracy, then he accepts as binding upon him whatever the conspirators had already said or done to carry out that conspiracy.

32. But if a person (a) does not know of the purposes of a conspiracy, or (b) does not share those purposes, then he is not bound by the acts and statements of others who are in the conspiracy.

33. In considering what a person knows, you are not to attribute to him what he merely suspects. But you do have a right to take into account what he admits knowing, what he says, what he writes, what he observes, and all other surrounding circumstances. The essential inquiry is what *the particular individual* knows. The question is *not* whom he knows but what he knows. The question is *not* what someone else actually knows; nor what another more intelligent or worldly-wise person would know. Of course, if you find that certain matters would be known by any normal person with the opportunities for observation which a particular defendant had, then, you may reasonably infer that the particular defendant himself knew those matters, unless the particular defendant is sub-normal.

34. In considering whether a person has guilty knowledge, whether he is in good faith, and whether he has committed a crime, you may take into account his reputation for truth, veracity, and obedience to law. A good reputation *may* lead you to a reasonable doubt. But, on the other hand, men with good reputations have committed crimes. And a jury *may* be persuaded beyond a reasonable doubt that a person of previous good reputation has in a particular case acted with guilty knowledge and in bad faith.

35. In considering what a person knows, what are his purposes, and what purposes he shares, you may consider what is his position in an enterprise. If he is an officer, director, manager, general bookkeeper, or employee with responsibilities touching the central activities of an enterprise, you may infer that he has extensive opportunities for knowledge and that he acquire extensive knowledge. And, further, you may infer that he shared both the publicly announced and the privately pursued purposes of that enterprise.

36. Even if a person is not an officer, employee, or shareholder of a corporation he *may* or *may not* in fact control it. He *may* or *may not* in fact know the public and private purposes which it serves. He *may* or *may not* in fact share those purposes. Whether a particular individual *does* control, know, or share the purposes of an enterprise is a question of fact for the jury. Such questions of fact are to be determined by considering the particular individual, his statements, his actions, his circumstances, his opportunities for knowledge, and his capacity to draw normal inferences from what he observes.

### E. Conclusion

37. On all questions of *law* you are to follow my instructions. Of course, my instructions may be wrong. And if defendants believe I have committed error, they have a right of review in a higher court on the basis of their objections and exceptions.

38. But you jurors are the judges of the *facts* in this case. Anything counsel or I have said about our recollection of the facts or the credibility of the witnesses you are free to disregard. Your memory and your estimate of the truthfulness of the witnesses are what count.

39. Neither directly nor indirectly have I tried to influence you to reach any particular conclusion as to any fact in this case, or as to the truthfulness of any witness, or as to the action, knowledge, or intent of any defendant. It is your solemn duty, without fear or favor, without prejudice against either the Government or any defendant, to return verdicts that justly apply the law to the facts as you find them.

40. When you are ready to report your verdicts you do so orally. You may, if you see fit, at any time during your deliberations, put to me a question in writing. Or you may return a verdict or verdicts with respect to any defendant as to whom you have agreed. Without limiting your rights in those respects, I hope

that the indictments, your recollection, the exhibits, and this charge, without further instruction, will be enough to enable the 12 of you to render just verdicts on Indictment 59–106–M and on 59–107–M, Counts 2 through 23, 25, 26, 28 through 72. As to each of those indictments and counts your verdicts must consider separately each of the 5 defendants, DeSantis, Proia, Lamattina, Palladino, and Miller.